**DOUGLAS E. McKINLEY, JR.**
Law Offices of Douglas E. McKinley, Jr.
8350 W Grandridge Blvd, Ste 200-431
Kennewick Washington 99336
Phone 509-628-0809
fax 509-392-8083


Attorney for Respondent
Erika Sanchez Guarneros


### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF WASHINGTON
#### (Honorable Rebecca L. Pennell)

| | |
|---|---|
| ALFREDO LOPEZ JIMENEZ, <br><br>                    Petitioner, <br><br>     vs. <br><br> ERIKA SANCHEZ GUARNEROS, <br><br>                    Respondent. | NO.  4:25-cv-05048-RLP <br><br> RESPONDANT'S VERIFIED ANSWER, MOTION TO STRIKE, AND AFFIRMATIVE DEFENSES |

**TO:**       CLERK OF THE COURT, Eastern District of Washington;
**AND TO:**   Asa LaMusga, attorney for Petitioner, ALFREDO LOPEZ JIMENEZ

Law Office of Douglas E. McKinley, Jr.
8350 W. Grandridge Blvd. Suite 200-431
Kennewick, WA  99336
(509) 628-0809

1
2

## **Introduction**

3
4      The Petitioner, Alfredo Lopez Jimenez ("Petitioner"), is not entitled to have
5
6   LMLS returned to Mexico pursuant to the 1980 Hague Convention on the Civil
7
    Aspects of International Child Abduction ("Hague Convention") or the International
8
    Child Abduction Remedies Act, 22 USC § 9001-9111 ("ICARA") because clear and
9
    convincing evidence demonstrates that there is a grave risk that the return of LMLS
10
    to Mexico and to the care of Petitioner would place the child in an intolerable
11
    situation and expose the child to physical and psychological harm, and further
12
    because the Petitioner was not actually exercising custodial rights at the time of
13
    LMLS's removal from Mexico.
14

15      The Parties agree that at the time LMLS came to the United States of America,
16
    LMLS "lived primarily with" his mother, Respondent Erika Sanchez Guarneros
17
    ("Erika").  See, Complaint, ECF 2, ¶ 8. At the time that Erika and LMLS came to the
18
    United States, they did so to flee Petitioner, because immediately prior to their
19
    departure in September of 2024, the Petitioner had severely beaten Erika and had
20
    further threatened to kill her. As detailed in the sworn statements of four separate eye
21
    witnesses, attached herewith as Exhibits A-D, this September 2024 attack was part of
22
23   a long historical pattern of violence and abuse, dating back to the birth of LMLS.
24

25      Commencing at about the time of the birth of LMLS, the Petitioner began a
26
    long history of beating Erika, threatening to kill Erika, verbally berating and
27
    humiliating Erika, denying that he was the father of LMLS, stating that he would not
28
    raise LMLS because LMLS was not his child, neglecting his parental responsibility to
29

30   RESPONDANT'S VERIFIED ANSWER, MOTION TO            **Law Office of Douglas E. McKinley, Jr.**
    STRIKE, AND AFFIRMATIVE DEFENSES                    8350 W. Grandridge Blvd. Suite 200-431
31                                                       Kennewick, WA  99336
    Page 2                                                      (509) 628-0809

provide material support for LMLS, and failing to supervise and parent LMLS. This conduct was on-going and pervasive, and frequently happened in the presence of LMLS as well as Erika's other daughter.

As detailed in the sworn declaration of Juan Armando Lazama Goroztieta, ("Juan") in September of 2024, Juan arrived at Erika's workplace (a salon, where Erika worked as a stylist) immediately after the assault on Erika by Petitioner that precipitated Erika fleeing to the United States. Juan "found her lying on the floor, bleeding from her mouth and nose. Her face was visibly swollen, and she had multiple bruises on different parts of her body." Juan had also witnessed prior attacks by Petitioner against Erika at Erika's workplace where the Petitioner had threatened that he was "going to kill her," threatened to "take away her son" (LMLS), and called her a "whore," "good for nothing," and a "son of bitch." As set forth by Juan, LMLS was present and witnessed these prior attacks and these threats.

Shortly after the September 2024 attack, because the authorities in Mexico were either unable and/or unwilling to protect Erika and LMLS from Petitioner, Erika fled to the United States with LMLS to escape with her life and her son.

Returning LMLS to Petitioner under these circumstances would place the child in an intolerable situation and expose the child to physical and psychological harm, in contravention of Article 13(a)& (b) of the Hague Convention and 22 U.S. Code § 9003(e)(2)(A)&(B).

RESPONDANT'S VERIFIED ANSWER, MOTION TO STRIKE, AND AFFIRMATIVE DEFENSES

Page 3

**Law Office of Douglas E. McKinley, Jr.**
8350 W. Grandridge Blvd. Suite 200-431
Kennewick, WA  99336
(509) 628-0809

**Specific Allegations**

Respondent Erika Sanchez Guarneros answers the specific allegations set forth in the Petitioner's Complaint, ECF 2, as follows:

I.      "FACTS"

1. Erika admits that she is LMLS's mother. Petitioner claims he is the "natural parent" of LMLS, however, on numerous past occasions Petitioner has repeatedly denied that he is LMLS's father, and Erika therefore denies that allegation.

2. Admit.

3. Admit.

4. Admit, except as set forth in Paragraph 1 herein.

5. Admit.

6. Admit.

7. Admit, except that on numerous occasions Petitioner would refuse to exercise custody and visitation with LMLS, and on numerous other occasions when Petitioner did exercise custody and visitation with LMLS, Petitioner would abandon LMLS with others.

8. Admit, except as set forth in Paragraph 7 herein.

9. To the extent that Erika possesses specific knowledge of the allegations of Paragraph 9, those allegations are denied. To the extent that Erika is without specific knowledge of the allegations of Paragraph 9, those allegations are also denied.

RESPONDANT'S VERIFIED ANSWER, MOTION TO STRIKE, AND AFFIRMATIVE DEFENSES

Page 4

**Law Office of Douglas E. McKinley, Jr.**
8350 W. Grandridge Blvd. Suite 200-431
Kennewick, WA  99336
(509) 628-0809

10. The documents attached as Exhibits B and C of the Complaint speak for themselves. To the extent that the Petitioner has characterized those documents, those characterizations are denied.

11. Denied.

12. The Mexican Court's orders speak for themselves. Erika admits that neither she nor LMLS undertook a psychological examination in Mexico.

13. Erika admits that she removed LMLS to the United States. To the extent that Paragraph 13 characterizes that conduct as a violation of a Court Order, that allegation is denied.

14. Erika is without knowledge to admit or deny the allegation of Paragraph 14, and therefore denies the same.

15. Erika is without knowledge to admit or deny the allegation of Paragraph 15, and therefore denies the same.

16. Erika is without knowledge to admit or deny the allegation of Paragraph 16, and therefore denies the same.

17. Erika is without knowledge to admit or deny the allegation of Paragraph 17, and therefore denies the same.

II. "LEGAL AUTHORITY"

A. Erika Agrees that the Court has jurisdiction over this matter pursuant to 22 USC § 9003. Erika fails to see the relevance of the ratification date of the Hague Convention between the United States and Japan, since none of the parties to this matter are citizens, residents, or in any way connected with Japan. The Hague Convention and the

RESPONDANT'S VERIFIED ANSWER, MOTION TO STRIKE, AND AFFIRMATIVE DEFENSES

Page 5

**Law Office of Douglas E. McKinley, Jr.**
8350 W. Grandridge Blvd. Suite 200-431
Kennewick, WA 99336
(509) 628-0809

United States Code speak for themselves, and the Petitioner's characterization of them is denied.

III.     Respondent's Objection to Petitioner's "ARGUMENT," and Motion to Strike.

Rule 8 of the Federal Rules of Civil Procedure "General Rules of Pleading" govern the contents and form of the Petitioner's complaint. Rule 8 provides:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The section of Petitioner's complaint entitled "Argument" does not comply with Fed. R. Civ. P. 8.  Instead of a "short and plain statement of the claim," Petitioner has set forth an extended legal argument, mixing factual assertions with legal arguments and legal conclusions. Further, the "Argument" section introduces numerous new "facts" that are not a part of the "FACTS" section of the Complaint, and some of which are plainly false.  For example, at page 5, line 3, the Complaint (ECF 2) recites that "LMLS was a habitual residence (sic) of Japan immediately before breach of his father's custody rights." LMLS was never a habitual resident of Japan.

RESPONDANT'S VERIFIED ANSWER, MOTION TO STRIKE, AND AFFIRMATIVE DEFENSES

Page 6

**Law Office of Douglas E. McKinley, Jr.**
8350 W. Grandridge Blvd. Suite 200-431
Kennewick, WA  99336
(509) 628-0809

Respondent brought these objections to the attention of Petitioner's attorney on or about June 8, 2025 via email and offered Petitioner the opportunity to amend Petitioner's Complaint, which Petitioner declined. The Respondent therefore objects to the section of the Petitioner's complaint labelled "Argument," and moves that it be stricken.  To the extent that the "Argument" section of the Petitioner's Complaint contains facts that are not recited in the "FACTS" section of the Petitioner's Complaint, those facts are denied.  To the extent that the "Argument" section of the Petitioner's Complaint recites legal arguments and/or legal conclusions, Respondent denies that those legal arguments and conclusions are applicable, and/or asserts that they are refuted and negated by the affirmative defenses set forth herein.

IV.    Affirmative Defenses

    a.   Respondent alleges that the Petitioner has engaged in a long history of domestic abuse against Respondent, frequently in the presence of LMLS, as set forth (at a minimum) in the sworn statements attached to this Answer as exhibits A through D.  As a result of that domestic abuse, there is a grave risk that the return of LMLS to Mexico and to the care of Petitioner would place the child in an intolerable situation and expose the child to physical and psychological harm.

    b.   Respondent alleges that Petitioner was not actually exercising custodial rights at the time of LMLS's removal from Mexico.

    c.   Respondent alleges that LMLS objects to his return to custody of Petitioner in Mexico, and that LMLS has attained a sufficient age and maturity to make that decision for himself.

RESPONDANT'S VERIFIED ANSWER, MOTION TO STRIKE, AND AFFIRMATIVE DEFENSES

Page 7

**Law Office of Douglas E. McKinley, Jr.**
8350 W. Grandridge Blvd. Suite 200-431
Kennewick, WA  99336
(509) 628-0809

## Conclusion

For the reasons recited herein, Respondent requests at a minimum that the Court strike the "ARGUMENT" section of Petitioner's Complaint, and further requests that the Court dismiss the remainder of Petitioner's Complaint.

DATED this 17th day of June, 2025.

Presented by:

*/s/ Douglas E. McKinley, Jr.*
Douglas E. McKinley, Jr., WSBA #20806
Law Firm of Douglas E. McKinley, Jr.


## VERIFICATION

PURSUANT TO 28 U.S.C. § 1746, I declare under the penalty of perjury that the forgoing is true and correct. Executed on June 16, 2025.



ERIKA SANCHEZ GUARNEROS,
Respondent.

RESPONDANT'S VERIFIED ANSWER, MOTION TO
STRIKE, AND AFFIRMATIVE DEFENSES

Page 8

**Law Office of Douglas E. McKinley, Jr.**
8350 W. Grandridge Blvd. Suite 200-431
Kennewick, WA  99336
(509) 628-0809

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury of the laws of the State of Washington that on June 17, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which in turn automatically generated a Notice of Electronic Filing to all parties in the case who are registered users of the CM/ECF system.

/s/ Douglas E. McKinley, Jr.
Douglas E. McKinley, Jr., WSBA #20806

RESPONDANT'S VERIFIED ANSWER, MOTION TO
STRIKE, AND AFFIRMATIVE DEFENSES

Page 9

**Law Office of Douglas E. McKinley, Jr.**
8350 W. Grandridge Blvd. Suite 200-431
Kennewick, WA  99336
(509) 628-0809